UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| IN RE: Complaint of | ) | |
| | ) | |
| Richard L. Lambert | ) | Case No. 3:13-cv-352 |
| | ) | Varlan/Shirley |

JOINT MOTION TO STRIKE "EXHIBIT A"

Petitioner, Richard L. Lambert, and Respondent, UT-Battelle, LLC ("UT-Battelle"), the managing and operating contractor for the United States Department of Energy's ("DOE") Oak Ridge National Laboratory ("ORNL"), jointly move the Court to strike "Exhibit A" (which was filed with Petitioner's "Motion for Preliminary Injunction"). Alternatively, these parties jointly move the court to substitute the attached stipulation for Exhibit A.[1]

Exhibit A is the Petitioner's complaint filed with DOE under 10 CFR Part 708. The parties engaged in mediation of Petitioner's Part 708 complaint and have reached an agreement which will result in Petitioner's withdrawal of his Part 708 complaint. Mediation occurred prior to UT-Battelle's filing of any response to the Part 708 complaint. Petitioner and UT-Battelle move the Court to strike Exhibit A because the merits of the allegations set forth in Exhibit A are not before the Court and would never have been before the Court. Further, Exhibit A contains private information about third parties, the security of the United States Department of Energy facilities in Oak Ridge, Tennessee, and recounts communications between

---

[1] By joining in the filing of this Motion, Petitioner withdraws his previously filed "Motion to Unseal" [R.19.]

Petitioner and UT-Battelle's General Counsel that UT-Battelle asserts are protected by the attorney client privilege.

District courts have authority to control access to their dockets. The right is not "without restraint" and the Court's actions must be consistent with the "presumptive right of the public to inspect and copy judicial documents and files." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). The right to inspect, however,

> is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

*Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (citations omitted). "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." 723 F.2d at 474.

The balancing mandated by the above precedent should be considered in light of the fact that the allegations in Exhibit A were entirely collateral to the issues that had been presented to the Court. Petitioner filed this action instituting proceedings via a "Motion for a Preliminary Injunction." [R.1 & R.7.] While "Exhibit A" was an attachment to Petitioner's initial filing, Petitioner's motion and memorandum referred to Exhibit A only twice. Neither reference asked the Court to resolve any of the allegations set forth in Exhibit A. [R.7, Memorandum, p. 2-3.]

Petitioner and UT-Battelle agree that Petitioner never "ask[ed] the federal court to adjudicate the merits of Petitioner's Part 708 administrative complaint." [R.12, Pet. Resp. p. 5.]

Courts have refused to extend the presumptive right of access beyond "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986). But as noted, it is undisputed that the Court was not and would never have been asked to "adjudicate" any of the allegations in Exhibit A. [*See* R.12, Pet. Resp. p. 5.] The Sixth Circuit has recognized that the presumption of public access is inapplicable where the information sought to be protected is a "marginal issue" in lawsuit. *Courier-Journal v. Marshall*, 828 F.2d 361, 367 (6th Cir. 1987). While not exactly on all fours with the present situation, the decision in *Courier-Journal* recognized that the right of access is not as strong when the information "has never been subject to the evidentiary contest of a trial and has not formed the basis for any court ruling." *Id*. Here, it is undisputed that the Court was not and would never have been asked to resolve the merits of those allegations. In fact, because mediation occurred so early in the Part 708 process, UT-Battelle had not filed a response to the allegations.

As further ground for the relief sought, the parties state that Exhibit A identifies individuals who have a strong interest in not having private information disclosed in the Court's file. In *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983), the court of appeals recognized that courts may limit access where necessary to protect "privacy rights of participants or third parties."

*See also Federal Labor Relations Authority v. United States Dep't of Commerce*, 962 F.2d 1055, 1059 (D.C. Cir. 1992) (Employees have a substantial interest in maintaining the privacy of their evaluations, even when the evaluations are favorable); *Waters v. United States Capitol Police Bd.*, 216 F.R.D. 153, 156 (D.D.C. 2003) (recognizing interest in privacy regarding polygraph examinations).

Furthermore, Exhibit A includes allegations related to the security of the Department of Energy's facilities in Oak Ridge. The Sixth Circuit has long recognized that security of the Department of Energy's atomic energy facilities in Oak Ridge "is, of course, a principal concern with respect to safety of operation," *Davidson v. United States Dep't of Energy*, 838 F.2d 850, 852 (6th Cir. 1988), as well as that DOE may take certain actions at these facilities in "light of the increasing threat of terrorist activity." *Id*. Detailed information, such as set forth in Exhibit A, about specific DOE counterintelligence programs in Oak Ridge should not be disclosed to the public.

Finally, Exhibit A recounts communications between Petitioner and UT-Battelle's General Counsel, as more fully explained in UT-Battelle's motion for a protective order.[2] [R.13, 14, & 17.]

Making Exhibit A publicly available at this point penalizes the parties for engaging in a successful early mediation. As noted, UT-Battelle has not and will not now respond to the allegations in Exhibit A in this court or in any other proceeding. No hearing has been conducted regarding any of the allegations in

---

[2] By joining in this motion, Petitioner withdraws his previously filed opposition to UT-Battelle's motion. [R.18 & 18-1.]

Exhibit A. The Sixth Circuit, numerous times, has emphasized that "public policy strongly favors settlement of disputes without litigation." *See, e.g., Robinson v. Shelby County Bd. of Educ.*, 566 F.3d 642, 648 (6th Cir. 2009). The laudable policies that favor disclosure of court documents should not outweigh this important public policy, the harm to the parties, innocent third parties, national security and to privileged communications that would be caused by disclosing allegations that the Court was not asked to resolve and which, in light of the mediation results, will not be resolved by any adjudicative body.

For the above reasons, Petitioner and UT-Battelle jointly move the Court to strike Exhibit A from the Court's public file.

Alternatively, Petitioner and UT-Battelle jointly move the Court substitute the attached "Exhibit A" for the one previously filed with the Court. The attached Exhibit A states that Petitioner and UT-Battelle stipulate that Petitioner filed a Complaint with DOE pursuant to 10 C.F.R. Part 708 on June 17, 2013. Substitution of this stipulation is appropriate due to the sensitivity of the allegations which permeate Exhibit A. The substituted filing accomplishes the original and principal reason for including Exhibit A in the initial filing: to show that Petitioner filed an administrative claim with DOE.

By:    /s/ Richard L. Lambert
Richard L. Lambert
834 Belle Grove Rd.
Knoxville, Tennessee 37934

By: /s/ John C. Burgin Jr.
John C. Burgin Jr.
Counsel for UT-Battelle LLC
Kramer Rayson LLP
Post Office Box 629
Knoxville, Tennessee 37901-0629

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2013, a true and correct copy of the foregoing was transmitted via email and/or the Court's CM/ECF docketing system to the following:

Richard L. Lambert
834 Belle Grove Rd.
Knoxville, Tennessee 37934
Lambertv.ornl@gmail.com

Suzanne H. Bauknight
Chief, Civil Division
United States Attorney's Office
Eastern District of Tennessee
800 Market Street, Suite 211
Knoxville, TN 37902
Suzanne.Bauknight@usdoj.gov

By: /s/ John C. Burgin Jr.
John C. Burgin Jr.